FURGUSON & BROCK, TO THE USE OF HAM *et al.*, Plaintiffs in Error, v. LEWIS & BASKET, Defendants in Error.

1. An action of unlawful detainer can not be maintained in the name of one person to the use of another; it can only be maintained by the person or persons entitled to the possession of the premises in controversy.

*Error to Newton Circuit Court.*

This was an action of unlawful detainer. In the complaint, in the justice's docket, and throughout the proceedings, the cause was entitled as follows: " George W. Furguson and John Brock, to the use of Thomas J. Ham, Hilliard Hicks, Alexander Hale and James F. Wilcoxen, plaintiffs, against Reuben Basket and Moses Lewis, defendants. Unlawful detainer." Judgment was rendered in favor of plaintiffs by the justice of the peace before whom the proceeding was instituted. The cause was taken by appeal to the circuit court, which dismissed the suit on account of the defectiveness of the complaint.

*F. P. Wright,* for plaintiffs in error.

I. The reasons assigned were not such as authorized the court to dismiss the cause. The petition or statement con-

tains all the facts requisite to enable plaintiffs to recover for an unlawful detainer, and no reason is perceived why the court dismissed the cause.

SCOTT, Judge, delivered the opinion of the court.

There is an irregularity in the proceedings which takes away the possibility of its being sustained. According to law, Furguson and Brock are the real plaintiffs; and if they were the persons really entitled to sue, by having the legal right to the possession of the premises in controversy, we would not consider their statement bad because they had added what followed their names. The whole of it might have been rejected as surplusage. But the misfortune is, that while Brock and Ferguson stand on the record as the real plaintiffs, it appears that those for whose use and benefit the suit is brought are those entitled to the possession of the disputed premises. We do not recollect an instance in which a complaint of an unlawful detainer was begun by one to the use and benefit of another. We are puzzled in conjecturing a reason for such a mode of procedure. If Furguson and Brock had the right to the immediate possession of the lot in dispute as trustees for those for whom they sued, it would not have been necessary to have stated it, though a statement of the names of those for whose use the suit was brought would have done no harm. If those for whose use the complaint was brought were purchasers from the original lessors, they might, as the law now stands, have brought the suit in their own names; and if the statute had not allowed it, surely they did not expect to evade the law by the device they adopted. (R. C. p. 794, sec. 37.)

Affirmed. The other judges concur.